UNITED STATES of America, Appellee,

v.

Scott MAURER, Defendant–Appellant.

Docket No. 99–1592.

United States Court of Appeals, Second Circuit.

Submitted: Aug. 31, 2000.

Decided: Sept. 14, 2000.

Mary Jo White, United States Attorney for the Southern District of New York, New York, New York (David Greenwald, Andrea Likwornik Weiss, Assistant United States Attorneys, New York, New York, of counsel), for Appellee.

Ronald Cohen, New York, New York, for Defendant-Appellant.

Before: KEARSE, JACOBS, and STRAUB, Circuit Judges.

PER CURIAM:

Defendant Scott Maurer, convicted of wire fraud in violation of 18 U.S.C. § 1343 (1994), appeals from an order entered in the United States District Court for the Southern District of New York, Shira A. Scheindlin, *Judge*, requiring him, pursuant to 18 U.S.C. §§ 3663A, 3664 (Supp. II 1996), to pay restitution to the victims of his offense in the total amount of $380,-631.21. Maurer contends that the district court erred in failing to conduct a hearing and in failing to make findings of fact as to the amount of restitution and Maurer's ability to pay that amount. He also contends that the court should have reduced the restitutionary amount to be paid to one of his victims by the amounts that Maurer contended that victim was indebted to him. Finding no merit in his contentions, we affirm.

The procedures used at sentencing are within the discretion of the district court so long as the defendant is given an adequate opportunity to present his position as to matters in dispute. In general,

> [t]he district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes.... All that is

required is that the court "afford the defendant some opportunity to rebut the Government's allegations.".... Decisions as to what types of procedure are needed lie within the discretion of the sentencing court and are reviewed for abuse of discretion.

*United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir.1996) (quoting *United States v. Eisen,* 974 F.2d 246, 269 (2d Cir.1992), *cert. denied,* 507 U.S. 998, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993)). This principle applies as well to disputes about restitution orders. *See* 18 U.S.C. § 3664(d)(4) ("After reviewing the report of the probation officer, the court *may* require additional documentation or hear testimony." (emphasis added)); *see also United States v. Vandeberg,* 201 F.3d 805, 813 (6th Cir. 2000) ("Section 3664 delineates a panoply of procedures pertinent to the issuance and enforcement of restitution; the statute grants a district court discretion to choose the procedures that will best aid the court in assessing the amount of loss."); *United States v. Minneman,* 143 F.3d 274, 284 (7th Cir.1998) ("Notably, Congress left the choice of procedures to the discretion of the court. Crucially, Congress provided no limitations on the court's authority to determine the appropriate amount of restitution."), *cert. denied,* 526 U.S. 1006, 119 S.Ct. 1145, 143 L.Ed.2d 212 (1999).

■ Although Maurer contends that the court erred in not conducting an evidentiary hearing into certain of his contentions, the trial record shed substantial light on the propriety of the restitution award, and the record reveals that Maurer had ample opportunity to present his views. After trial and prior to sentencing, the court convened a special conference for the purpose of determining the correct amount of loss for both sentencing and restitution purposes and allowed extensive argument from both parties; the court then delayed its restitution decision for 90 days in order to give Maurer an opportunity to present his arguments; and after sentencing and prior to issuing the restitution order, the court held a conference devoted solely to restitution issues. We conclude that Maurer was afforded an adequate opportunity to argue his position, and we see no abuse of discretion in the procedures used by the district court.

■ Nor do we see merit in Maurer's contention that the district court erred in failing to make specific findings as to the amount of restitution to be paid and Maurer's ability to pay that amount. The record clearly reveals that the district court gave "consideration," 18 U.S.C. § 3664(f)(2), to all of the required factors; detailed findings were not required. *See generally United States v. Atkinson,* 788 F.2d 900, 902 (2d Cir.1986) (plain language of a restitution provision requiring only that the district judge "consider" listed factors does not require that specific findings be made on each factor).

■ We also reject Maurer's contention that he was entitled to an offset for amounts he claimed to be owed by one of his victims. The district court properly declined to attempt to adjudicate Maurer's civil claims in this criminal proceeding to which the victims were not party. *Accord United States v. Cupit,* 169 F.3d 536, 539–40 (8th Cir.), *cert. denied,* — U.S. —, 120 S.Ct. 149, 145 L.Ed.2d 126 (1999).

We have considered all of Maurer's contentions on this appeal and have found them to be without merit. The restitution order of the district court is affirmed.