UNITED STATES of America,
Appellee,

v.

Ismael RUSSI–OBANDO, Defendant–
Appellant.

No. 05–2829–cr.

United States Court of Appeals,
Second Circuit.

Oct. 18, 2006.

**812**

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York (Susan Corkery, Taryn A. Merkl, Assistant United States Attorneys, of counsel), Brooklyn, NY, for Appellee.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Ismael Russi–Obando appeals from a judgment entered May 31, 2004 in the Eastern District of New York (Frederic Block, *Judge*), following a guilty plea, convicting him of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and evading reporting requirements by structuring bank transactions, in violation of 31 U.S.C. § 5324(a)(3). On appeal, Russi–Obando challenges both the reasonableness of his sentence and the sufficiency of his guilty plea. We assume familiarity with the facts, procedural history, and issues on appeal. For the reasons that follow, we affirm.

■ In calculating the appropriate sentence under the advisory Guidelines, the District Court imposed a six-level enhancement pursuant to U.S.S.G. § 2S1.1(b), having found that Russi–Obando knew that the funds being laundered were the proceeds of narcotics trafficking. Russi–Obando conceded during his plea hearing and at sentencing that he knew that the funds at issue were the proceeds of unlawful activity. However, he denied that he knew that the funds were drug money, and on appeal he challenges the District Court's finding to the contrary.

"We review a sentencing court's findings of fact for clear error and its legal determinations *de novo,* giving due deference to its application of the Sentencing Guidelines to the facts." *United States v. Thorn,* 446 F.3d 378, 387 (2d Cir.2006). The District Court concluded, primarily on the basis of the undisputed fact that the individual for whom Russi–Obando was laundering money had previously attempted to recruit him to smuggle narcotics into the United

States, that Russi–Obando either knew that the funds were drug money, or that he consciously avoided that knowledge. We have approved the use of a "conscious avoidance" theory of knowledge under U.S.S.G. § 2S1.1(b). *United States v. Finkelstein*, 229 F.3d 90, 95–96 (2d Cir. 2000) ("The conscious-avoidance doctrine is that, with respect to an offense in which the defendant's knowledge of a given fact is an element, the knowledge element is established if the factfinder is persuaded that the defendant consciously avoided learning that fact while aware of a high probability of its existence. . . .") We see no error in the District Court's determination.[1]

■ The District Court denied Russi–Obando's request for an evidentiary hearing on whether he knew that the funds at issue were the proceeds of drug dealing. Russi–Obando does not challenge this decision on appeal. We note, however, that even if the issue were properly raised, we would see no abuse of discretion in the District Court's denial of Russi–Obando's request, given the strong inference to be drawn from the undisputed fact that Russi–Obando knew that the money's source was a drug dealer. *See United States v. Maurer*, 226 F.3d 150, 152 (2d Cir.2000) ("Decisions as to what types of procedure are needed lie within the discretion of the sentencing court and are reviewed for abuse of discretion.") (citation omitted).

■ Russi–Obando also challenges his sentence as unreasonable on the ground that the District Court failed to give express consideration to the sentencing factors outlined in 18 U.S.C. § 3553(a). Although Russi–Obando's sentence is within the applicable guidelines range, we do not presume its reasonableness. *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). Rather, we review the reasonableness of both the sentence itself and the procedures by which the sentencing court arrived at it, including whether the court gave proper consideration to the § 3553(a) factors. *Id.* at 26. However, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors . . . no 'robotic incantations' are required to prove the fact of consideration." *Id.* at 30. Here, although Judge Block did not discuss all of the § 3553(a) factors at length, he expressly stated that he had considered those factors, and nothing in the record suggests otherwise.

■ Finally, Russi–Obando argues that there was an insufficient factual basis for his guilty plea to Count One of the indictment, for conspiracy to commit money laundering under § 1956(h). Specifically, he argues that his plea was insufficient because, although he admitted at his plea hearing that he knew that the funds were the proceeds of some form of illegal activity, he did not admit to knowing that they were the proceeds of narcotics trafficking in particular.

■ Where, as here, a defendant fails to raise an objection to the sufficiency of his guilty plea to the sentencing court, we review for plain error under Fed. R.Crim.P. 52(b). *United States v. Vaval,*

---

1. Although we think that the District Court's ultimate determination was correctly based on Russi–Obando's direct and personal knowledge of Ricardo's involvement in the drug trade, we note that the District Court repeatedly grappled with the question of what weight—if any—to give to the mere fact that the money originated in Colombia, which the District Court characterized as "the drug capital of the world." We also note the District Court's concern not to "penaliz[e Russi–Obando] because he comes from Colombia;" however, we wish to emphasize that the District Court's characterization of Colombia was not—standing alone—probative, and would best be avoided in future cases.

814

404 F.3d 144, 151 (2d Cir.2005). We see no error here, plain or otherwise. It is not necessary to support a money laundering charge under § 1956 that the Government prove that the defendant knows the specific source of the money being laundered, so long as the Government proves that the money is in fact the product of some form of unlawful activity, that the defendant knows that it is, and that he knows that the transaction is designed to hide the money's unlawful source. *United States v. Maher*, 108 F.3d 1513, 1526 (2d Cir.1997). Contrary to Russi–Obando's argument, the indictment in this case did not charge him with knowledge that the funds being laundered were drug money; consistent with the statute, the indictment charged him only with knowledge that the funds were the proceeds of "some form of unlawful activity."

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.