**UNITED STATES of America,
Appellee,**

v.

**Jimmy Augusto RESTREPO,
Defendant–Appellant.**

**No. 06–0565–cr(L).**

United States Court of Appeals,
Second Circuit.

Oct. 15, 2007.

Conrad Ost Seifert, Law Office of Seifert and Hogan, Old Lyme, CT, for Appellant.

Felice M. Duffy, Assistant United States Attorney (Kevin J. O'Connor, United

States Attorney for the District of Connécticut; Alex V. Hernandez, Assistant United States Attorney, of counsel; William J. Nardini, Assistant United States Attorney, of counsel; Anthony Miodonka, Law Student Intern, on the brief), New Haven, CT, for Appellee.

Present: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Jimmy Augusto Restrepo appeals from a February 2, 2006 amended judgment of the United States District Court for the District of Connecticut (Burns, J.), sentencing him principally to a term of 293 months' imprisonment, resulting from his guilty plea on one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841. We assume the parties' familiarity with the underlying facts of this case, its relevant procedural history, and the issues on appeal.

 Reviewing the district court's decision for unreasonableness, *see United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006), we find no merit to Restrepo's claim that the district court erred by calculating his Guideline offense levels using the preponderance of the evidence standard of proof. As Restrepo concedes, this argument is foreclosed by our decision in *United ed States v. Vaughn*, 430 F.3d 518 (2d Cir.2005), which holds that "after *Booker*, district courts' authority to determine sentencing factors by a preponderance of the evidence endures." *Id.* at 525. We ac-

knowledge that Restrepo raises this issue to preserve it.

Second, we find no merit to Restrepo's claim that the district court was unreasonable in sentencing him to a different term than his similarly situated co-defendants.[1] While 18 U.S.C. § 3553(a)(6) directs sentencing judges to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," the consideration of a single § 3553(a) factor "is *not* synonymous with a requirement that the factor be given determinative or dispositive weight ..., inasmuch as it is only one of several factors that must be weighted and balanced by the sentencing judge." *Fernandez*, 443 F.3d at 32. At the original sentencing hearing, Judge Burns found that Restrepo "clearly was the leader" of several of his co-defendants engaged in carrying drug proceeds back to Colombia. Because reasonableness review is "akin to review for abuse of discretion," defendants did not meet their burden of showing that Judge Burns "exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *Id.*, 443 F.3d at 27 (alteration and omission in original) (internal quotation marks omitted).

Third, Restrepo argues that his sentence was unreasonable and in violation of the parsimony clause of 18 U.S.C. § 3553. We find no violation of the parsimony clause because there is no indication in the record that the district court imposed a sentence greater than necessary to reflect the statutory factors set out in 18 U.S.C. § 3553(a)(1)–(7), and the sentence is rea-

---

1. Restrepo also contends that his sentence was substantively unreasonable under 18 U.S.C. § 3553(a)(6) because the district court judge failed to avoid unwarranted sentencing disparities among similarly situated national defendants. *See United States v. Florez*, 447 F.3d 145, 157 (2d Cir.2006) (noting that the

primary goal of § 3553(a)(6) is to minimize sentencing disparity at the nationwide level). But apart from offering figures listing national averages for drug traffickers, Restrepo has not produced any evidence with respect to similarly situated offenders. We therefore reject this argument.

sonable in light of the factual circumstances and statutory factors relevant here. *See United States v. Ministro–Tapia,* 470 F.3d 137, 141–43 (2d Cir.2006).

Fourth, we reject Restrepo's contention that the district court's failure to explain the length of his sentence was procedurally or substantively unreasonable. In the absence of record evidence suggesting otherwise, we presume that the district judge has faithfully discharged her duty to consider all § 3553(a) factors when imposing a sentence. *See United States v. Jones,* 460 F.3d 191, 195 (2d Cir.2006) (stating that a sentencing judge need not articulate the subjective elements by which the length of a sentence is calculated); *Fernandez,* 443 F.3d at 30. Restrepo has pointed to nothing in the record to defeat this presumption.

Fifth, Restrepo argues that the district court committed procedural and structural error by declining to allow him to testify and by presuming at his resentencing hearing that his prior sentence was reasonable. We find both arguments unavailing. As an initial matter, we have interpreted Rule 32 of the Federal Rules of Criminal Procedure to require that the "defendant is given an adequate opportunity to present his position as to matters in dispute." *United States v. Maurer,* 226 F.3d 150, 151 (2d Cir.2000). Upon review of the record, we find that the district court did not prevent Restrepo from presenting such evidence; the court admitted diplomas certifying Restrepo's educational attainments and allowed him to address the court, albeit not in the form of sworn testimony. We also reject Restrepo's contention that the district court presumed its original sentence was reasonable. At the resentencing hearing, the district court reviewed its prior assessments of Restrepo's involvement in the offense and reconsidered the relevant § 3553(a) factors as they applied to Restrepo. In light

of Restrepo's leadership position in the drug conspiracy and his refusal to accept responsibility, we find neither structural nor procedural error in the district court's sentence.

We have considered defendant's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is AFFIRMED.