**UNITED STATES of America,**
**Appellee,**

v.

Kevin Pete LEVY, Defendant,

**Christopher Hemmings, also known as Fitzroy Gordon, also known as Sailor, also known as Raza, Defendant–Appellant.**

**No. 06–3868–cr.**

United States Court of Appeals,
Second Circuit.

April 3, 2008.

Laurie S. Hershey, Manhasset, NY, for Defendant–Appellant.

Adam Abensohn, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, Hon. MARK R.

KRAVITZ, District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Christopher Hemmings appeals from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge* ), entered on July 20, 2006, sentencing him on a guilty plea principally to 120 months' imprisonment and three years' supervised release, for one count of assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), and one count of discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Hemmings argues that his sentence is (1) procedurally unreasonable because the District Court failed to appreciate its authority to grant a downward departure based on harsh conditions of detention and potential negative consequences of deportation, and (2) substantively unreasonable.[2] We review a district court's sentence for procedural and substantive reasonableness, a standard "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.) (citing *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005)), *cert. denied*, — U.S. —, 127 S.Ct. 260, 166 L.Ed.2d 202 (2006). First, an appellate court must:

> ensure that the district court committed no significant procedural error, such as

failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Second, in reviewing for substantive reasonableness, we must "tak[e] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.; see also Fernandez*, 443 F.3d at 26–27. "Although a refusal to downwardly depart is generally not appealable, review is available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). Similarly, a defendant ordinarily has no right to appeal the extent of a downward departure, *see, e.g., United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.), *cert. denied*, 525 U.S. 1048, 119 S.Ct. 607, 142 L.Ed.2d 547 (1998); *United States v. Doe*, 996 F.2d 606, 607 (2d Cir.1993) (per curiam), except insofar as he contends that the district court made such an error of law.

## I. Procedural Reasonableness

Hemmings contends that the District Court erred in refusing to grant a greater downward departure on the basis of

---

**1.** Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

**2.** The briefs and appendix in this case were filed under seal. Insofar as we discuss information derived from sealed documents, those documents are unsealed to the limited extent referenced in this order, although the full documents shall remain physically withheld from public review. *See United States v. Verk-*

*hoglyad*, 516 F.3d 122, 124 n. 2 (2d Cir.2008). Because we find that our usual presumption in favor of public dispositions has not been overcome in this case, we decline to file this order under seal; however to protect Hemmings' safety, certain details, unessential to the ultimate disposition, have been omitted from this order. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

uniquely hard conditions of detention and the potential for exceptionally negative consequences of deportation. The record makes clear that the District Court did not misapprehend its departure authority or make an error of law. On the contrary, the District Court considered the reasons that Hemmings now claims it failed to consider—namely, concerns about safety that arose during Hemmings's 26 months of pretrial detention or that might arise if Hemmings is eventually deported to Jamaica. At sentencing, the District Court based its decision to grant a downward departure in part on Hemmings's "concerns about his own safety and the safety of his family members in Jamaica." The District Court explicitly acknowledged that "it's within [its] discretion to" depart even further to "a sentence below ten years." It nonetheless imposed the sentence in light of "the need for deterrence, the need to provide for a just punishment ... and to promote proper respect for the law." We do not require robotic incantations by district judges. *See Crosby*, 397 F.3d at 113.

Hemmings's argument that the District Court should have held a hearing to explore the conditions of detention is also unavailing because the record demonstrates that Hemmings was "given an adequate opportunity to present his position as to matters in dispute." *United States v. Maurer*, 226 F.3d 150, 151–52 (2d Cir. 2000) (per curiam) (explaining that " '[t]he district court is not required ... to hold a full-blown evidentiary hearing in resolving sentencing disputes.... All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations.' ") (quoting *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir.1996)). We thus find no indication that the District Court failed to properly appreciate and apply its sentencing discretion, *see Fernandez*, 443 F.3d at 29–30; *see also United States v. Ministro–Tapia*, 470 F.3d

137, 141 (2d Cir.2006), and we reject Hemmings's arguments to the contrary.

## II. Substantive Reasonableness

Hemmings also argues that his 120 months' prison sentence is substantively unreasonable. The District Court recognized that there were strong factors pulling for and against leniency in this case. It acknowledged the factors pulling towards a downward departure and gave Hemmings full credit for those factors. However, the District Court could not overlook what it "view[ed] as an extremely serious offense" combined with a pattern of illegal activity. The record makes clear that the District Court considered the applicable Guidelines range of 177 to 191 months, the government's U.S.S.G. § 5k1.1 motion pursuant to 18 U.S.C. § 3553(e), the Presentence Report, the severity of the crime, and defendant's statement. The District Court then chose a sentence of 120 months, 57 months below the Guidelines range—finding no more was needed to serve the purposes of 18 U.S.C. § 3553(a). We must "give[ ] due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 128 S.Ct. at 601. We thus conclude that the District Court carefully considered the section 3553(a) factors, *see Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007), *reh'g denied*, —— U.S. ——, 128 S.Ct. 19, 168 L.Ed.2d 795 (2007), and that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed. *See Fernandez*, 443 F.3d at 26.

For these reasons, we AFFIRM the judgment of the District Court.