09-0683-cr
USA v. Pickett

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twentieth day of July, two thousand and ten.

PRESENT:

    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                 No.  09-0683-cr

GORDON PICKETT,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**                    KATHERINE ALFIERI, Law Offices of
                                                Katherine Alfieri, New York, NY.

**FOR APPELLEE:**                               WINSTON M. PAES, Assistant United States
                                                Attorney (Benton J. Campbell, United States
                                                Attorney, Jo Ann M. Navickas, Assistant
                                                United States Attorney, *on the brief*), Office of
                                                the United States Attorney for the Eastern
                                                District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Gordon Pickett ("defendant" or "Pickett") appeals from a judgment of the District Court entered on February 18, 2009. Defendant was convicted on eight counts—all relating to his production and possession of counterfeit credit cards and identification cards—and sentenced principally to 168 months' imprisonment. On appeal he argues as follows: (1) that the District Court erred in denying his motion to proceed *pro se* at trial; (2) that there was insufficient evidence to sustain a conviction on each of the eight counts; (3) that the District Court erred in denying his motion for blanket suppression of all items seized during the execution of a search warrant; (4) that the District Court erred in admitting evidence of his prior conviction pursuant to Fed. R. Evid. 404(b); (5) that the District Court gave an erroneous jury instruction; (6) that his sentence is substantively unreasonable; and (7) that the District Court made errors in ordering restitution. We assume the parties' familiarity with the remaining factual and procedural history of the case.

We address whether the District Court retained authority to order restitution more than ninety days after defendant's sentencing hearing in a separate opinion filed on the same day as this order. We consider defendant's remaining arguments in this summary order and find them to be without merit.

First, we find no error in the District Court's denial of defendant's request—made eight days after the jury was empaneled and during the second day of the government's case—to proceed *pro se*. After a trial has begun, a criminal defendant's right to represent himself "is sharply curtailed." *United States v. Stevens*, 83 F.3d 60, 67 (2d Cir. 1996) (internal quotation marks omitted). A district court considering such a request "must weigh 'the prejudice to the legitimate interests of the defendant' against the 'potential disruption of proceedings already in progress.'" *Id.* (quoting *United States ex rel.*

2

*Maldonado v. Denno*, 348 F.2d 12, 15 (2d Cir. 1965)). In weighing the prejudice to the legitimate interests of the defendant, the court should consider "the defendant's reasons for the self-representation request, the quality of counsel representing the party, and the party's prior proclivity to substitute counsel." *United States v. Matsushita*, 794 F.2d 46, 51 (2d Cir. 1986).

We have no trouble concluding that the District Court acted well within its discretion in denying defendant's request to proceed *pro se*. Defendant's reasons for seeking to represent himself were expressed in what the District Court accurately described as a "barely comprehensible diatribe," during which defendant asserted that the District Court lacked jurisdiction over him based on, among other things, the Administrative Procedure Act. Appellant's App. 164-65. Defendant also asserted, without explanation, that he was "without competent counsel." *Id.* at 164.

Against those "reasons" for the request, the District Court was required to weigh the potential disruption of the trial. In our view, the potential for disruption was self evident from defendant's request. In sum, we detect no error in the District Court's denial of defendant's motion to represent himself for the remainder of the trial.

Defendant next challenges the sufficiency of the evidence produced to demonstrate his guilt on each of the eight counts charged in the indictment. Upon review of the record, we conclude that there was ample evidence to sustain the jury's verdict on each count. *See United States v. Gagliardi*, 506 F.3d 140, 149-50 (2d Cir. 2007) (explaining that a jury's verdict must be affirmed "unless no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt" (internal quotation marks omitted)).

We also find no merit in defendant's argument that the search of his residence so exceeded the scope of the search warrant as to require blanket suppression of all evidence seized. The District Court concluded that the search of defendant's *basement* exceeded the scope of the warrant but excluded only the evidence seized from the basement itself. Defendant argues that all evidence seized during the search should have been suppressed because government agents "flagrantly disregard[ed]" the scope of the warrant. *See United States v. Shi Yan Liu*, 239 F.3d 138, 140 (2d Cir. 2000). The District Court, however, found that the search of the basement was conducted in good faith and that blanket suppression was unwarranted. *See id.* (noting that blanket suppression is appropriate only where government agents (1) "effect a widespread seizure of items that were not within the scope of the warrant and (2) do not act in good faith" (internal quotation marks and citation omitted)). We conclude that the District Court's good faith finding was not clearly erroneous.

Defendant next argues that the District Court erred in admitting evidence of his prior conviction pursuant to Fed. R. Evid. 404(b). We disagree. Defendant placed his intent at issue

during trial, thereby making his prior conviction relevant. *See* Fed. R. Evid. 404(b) (explaining that evidence of other crimes may be admissible as proof of intent). The prior conviction demonstrated that defendant was aware that counterfeit credit cards are used to commit fraud. A reasonable juror could therefore infer from defendant's possession of counterfeit credit cards and card-making equipment that he had the requisite intent to defraud. Moreover, the District Court gave a forceful limiting instruction reducing any risk that the jury might consider defendant's prior conviction as evidence of his propensity to commit crime.

We also disagree that the District Court's jury instruction on aggravated identity theft was erroneous. The District Court instructed the jury that, to find defendant guilty of aggravated identity theft, it must, among other things, find that defendant knew at the time he committed bank fraud that the persons whose identities he was using "were actual as opposed to fictitious persons." Appellant's App. 232. Defendant argues that the District Court was required to instruct the jury that "defendant knew that the means of identification at issue belonged to another person," *Flores-Figueroa v. United States*, 129 S. Ct. 1886, 1894 (2009), not just that he knew that the other persons were actual as opposed to fictitious. Because defendant did not object to the instruction at trial, we review the instruction for plain error. *See* Fed. R. Crim. P. 52(b).

We discern no error, much less plain error, in the District Court's jury instruction. The District Court instructed the jury that it must find both (1) that defendant "knowingly used . . . a means of identification of another person" and (2) that he knew that that other person "w[as an] actual as opposed to [a] fictitious person[ ]." Appellant's App. 231-32. That instruction is fully consistent with the Supreme Court's interpretation of the statute as "requir[ing] the Government to show that the defendant knew that the means of identification at issue belonged to another person." *Flores-Figueroa*, 129 S. Ct. at 1894.

With respect to sentencing, we reject defendant's argument that his sentence of 168 months' imprisonment is substantively unreasonable. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (noting that we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" (internal quotation marks omitted)); *see also United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive unreasonableness is akin to the "manifest-injustice," and "shocks-the-conscience" standards employed in other contexts).

Defendant's final argument is that the District Court committed several errors in ordering restitution in the amount of $2,400,800. Specifically, defendant maintains that (1) the record fails to demonstrate that the District Court considered the factors set forth in 18 U.S.C. § 3664(f)(2); (2) the government failed to meet its burden of proving the amount of loss by a preponderance of the evidence; and (3) the restitution order must be vacated because it was entered more than ninety days

after the sentencing hearing in contravention of 18 U.S.C. § 3664(d)(5).  We address defendant's third argument in a separately filed opinion.  We find the remaining two arguments to be without merit.

First, with respect to the factors set forth in 18 U.S.C. § 3664(f)(2), we have held that "we will not vacate and remand [restitution orders] solely by reason of the sentencing judge's failure to indicate consideration of the mandatory factors."  *United States v. Walker*, 353 F.3d 130, 134 (2d Cir. 2003).  Thus, the District Court's failure to recite those factors in the record does not require vacatur.

Second, with respect to the proof of loss, we reject defendant's suggestion that the government was required to establish the loss amounts for each victim by affidavit.  Section 3664 provides only that "to the extent practicable" victims shall be notified of the opportunity to file "a separate affidavit relating to the amount of the victim's losses subject to restitution."  18 U.S.C. § 3664(d)(2)(A)(vi).  Nothing precludes a court from ordering restitution in the absence of such affidavits.  Here, although affidavits from each of the victims were not produced, the District Court relied on the trial testimony of a case agent along with a chart prepared by that agent summarizing the losses incurred by the victim banks.  That evidence was sufficient to establish the amount of loss by a preponderance of the evidence.  *See* 18 U.S.C. § 3664(e) (providing that the government bears the burden of proving the amount of restitution by preponderance of the evidence).

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit.  We affirm District Court's imposition of restitution ninety-eight days after defendant's sentencing hearing in a separately filed opinion.  In all other respects, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court