15-3328-cr
United States v. Baig

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
                    GERARD E. LYNCH,
                    CHRISTOPHER F. DRONEY,
                              *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

                    v.                                                    No. 15-3328-cr

SHANNAWAZ BAIG,

                    *Defendant-Appellant,*

BUSHRA BAIG, ZAHID BAIG, RAMON NANAS, TARIQ RANA, MALIK YOUSAF, FARRUKH BAIG,

                    *Defendants.*

-----------------------------------------------------------------------

FOR APPELLEE:                              Christopher Ott, Jo Ann M. Navickas, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:        John G. Poli, III, John G. Poli, III, P.C., Huntington, NY.

1

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED,** except that the judgment is remanded for correction of a clerical error.

Defendant-Appellant Shannawaz Baig was convicted, following a guilty plea, of one count of conspiracy to conceal and harbor illegal aliens for financial gain, in violation of 8 U.S.C. § 1324. Baig was sentenced to time served and three years' supervised release, and ordered to pay $1,253,343.48 in restitution. Baig now appeals the restitution order, arguing that the district court erred by: (1) improperly imposing restitution under the Mandatory Victims Restitution Act ("MVRA"); (2) failing to hold an evidentiary hearing; (3) failing to comply with the procedures set forth under 18 U.S.C. § 3664; and (4) declining to apportion Baig's liability given his *de minimis* role in the conspiracy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]here, as here, a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012); *see also id.* at 95 (distinguishing precedent and clarifying that erroneous restitution order does not automatically amount to plain error).

1. Authority for Restitution

Baig argues that the MVRA is inapplicable because he was not convicted of a qualifying offense, *see* 18 U.S.C. § 3663A(c)(1), and his plea agreement did not "specifically state[] that [such] an offense . . . gave rise to the plea agreement," *id.* § 3663A(c)(2). The Government maintains that restitution under the MVRA is proper. We need not decide this issue here. As Baig conceded below, the district court had discretionary authority to impose restitution as a condition of supervised release pursuant to 18 U.S.C. §§ 3563(b)(2), 3583(d). *See also United States v. Bok*, 156 F.3d 157, 166 (2d Cir. 1998) (confirming district court authority to impose restitution as a condition of supervised release). Moreover, the judgment provides that payment of the ordered restitution shall be a condition of supervised release, thus in effect invoking that source of authority as the basis for the restitution order. The district court therefore did not err in imposing restitution in this case.

2

### 2. Evidentiary Hearing

Baig next argues that an evidentiary hearing was required to resolve the amount of victim losses suffered as a result of Baig's conduct. We disagree.

As an initial matter, we note that the Government represented at sentencing that: "[s]ince my last telephone conversation with [defense counsel,] he indicated that he did not want a factual hearing." App'x at 96. Baig failed to contest that representation. As such, we conclude that Baig's argument is waived. *See United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995) (explaining that if a party "consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review").

Even if this argument were not waived, we would identify no error by the district court. "The procedures used at sentencing are within the discretion of the district court," and a "full-blown evidentiary hearing" is not required "so long as the defendant is given an adequate opportunity to present his position as to matters in dispute." *United States v. Maurer*, 226 F.3d 150, 151–52 (2d Cir. 2000) (per curiam) (internal quotation marks omitted). Here, Baig submitted several letters to the district court outlining his objections to the Presentence Investigation Report and proposed restitution amount. At sentencing, Baig reiterated these arguments. Because Baig was "given an adequate opportunity to present his position," the district court did not err in declining to hold an evidentiary hearing.

### 3. Other Procedural Concerns

Baig maintains that the district court failed to follow the procedures set forth under 18 U.S.C. § 3664. Specifically, Baig argues that the restitution order is invalid because the probation officer failed to consult with and obtain sworn affidavits from Baig's victims. This argument is meritless.

In anticipation of a restitution order, a probation officer must submit a report containing "information sufficient for the court to exercise its discretion in fashioning a restitution order," including "a complete accounting of the losses to each victim." 18 U.S.C. § 3664(a). Prior to submitting the report, the probation officer must, "*to the extent practicable*," provide "notice to all identified victims" and provide those victims "with an affidavit form to submit." *Id.* § 3664(d)(2) (emphasis added). Here, Baig's Presentence Investigation Report explained that it was neither practicable nor feasible for the probation officer to contact and interview over 100 potential victims. Instead, the proposed restitution amount was based on the investigatory findings of the U.S. Department of Labor, which were in turn based on interviews with victims and audits of

relevant payroll records. The Government then submitted a summary of those findings, detailing the specific amounts of loss attributable to almost 100 victims. We conclude that, based on these submissions, the district court committed no procedural error in fashioning its restitution order. *See United States v. Pickett*, 387 F. App'x 32, 36 (2d Cir. 2010) (summary order) (rejecting defendant's suggestion that government was required to establish loss amounts for each victim by affidavit, and asserting that "[n]othing precludes a court from ordering restitution in the absence of such affidavits").

Even if the district court did so err, "[§ 3664] itself does not specify the consequences for such failures, and we cannot conclude that restitution should be canceled on that account." *United States v. Gonzalez*, 647 F.3d 41, 64 (2d Cir. 2011); *see also id.* at 65 ("[C]ancellation of the district court's . . . restitution order would be an inappropriate remedy for the government's noncompliance with procedures that were plainly designed to benefit the crime victims."). Accordingly, we decline to invalidate Baig's restitution order on this basis.

### 4. Apportionment

Baig also argues that his restitution liability should have been apportioned to reflect his *de minimis* role in the conspiracy. But the district court's decision whether to apportion restitution among defendants or impose joint and several liability "is a discretionary one," *United States v. Nucci*, 364 F.3d 419, 422 (2d Cir. 2004) (citing 18 U.S.C. § 3664(h)) and Baig acknowledged this discretionary authority below. After considering both parties' arguments and the seriousness of the offense, the district court ordered Baig jointly and severally liable for the full restitution amount. We find no error, let alone plain error, in this decision, and so reject Baig's argument. *See id.*

### 5. Clerical Error

Although not explicitly raised by either party, we observe the following discrepancy. At sentencing, the district court stated the amount of restitution as $1,252,342.48. The judgment states the amount as $1,253,343.48. The difference is $1,001.

The Government's brief states the lower amount at page two of its brief and the higher amount at pages eleven and twelve, and asks that the sentence be affirmed, without noting the discrepancy. Baig's reply brief states that "the government now agrees that the case should be remanded to the district court to correct 'clerical errors' in connection with the appellant's restitution order," Appellant's Reply Br. at 5, but does not explain the error, state a correct amount, or cite to the government's "agree[ment]."

4

The law is clear that the court's oral pronouncement of the sentence governs as to any discrepancy between the pronouncement and the written judgment. *See United States v. Jesurum*, 819 F.3d 667, 673 (2d Cir. 2016). Accordingly, the judgment must be amended to state the amount of restitution as $1,252,342.48.

*       *       *

We have considered Baig's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment and order of the district court, except that the judgment is remanded to the district court to change the amount of restitution to $1,252,342.48.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5