*United States of America v. Michael Uvino*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-five.

PRESENT:

> REENA RAGGI,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　*Appellee,*

　　v.

MICHAEL UVINO,

　　　　*Defendant-Appellant.* *

23-7306-cr

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | ELIZABETH M. JOHNSON, Law Offices of Elizabeth M. Johnson, New York, NY. |
| FOR APPELLEE: | ANDREW D. REICH, Assistant United States Attorney (Susan Corkery, Devon Lash, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *J.*) **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** to the district court for further proceedings consistent with this order.

Defendant Michael Uvino, who pleaded guilty to one count of racketeering based on activities related to the Columbo organized crime family, *see* 18 U.S.C. § 1962(c), appeals from that part of his September 26, 2023 judgment of conviction as orders him jointly and severally to pay $280,890 restitution for losses sustained between 2011 and 2021 as a result of a predicate conspiracy to extort payments from a labor union and union official, *id.* § 3663A(a)(1). Uvino, who is presently serving a 41-month prison term on the crime of conviction, argues that the district court erred in ordering him to pay restitution in this amount because he did not join the extortion conspiracy until late 2019, after which only $22,000 in losses were sustained, and the court did not find that he "knew or reasonably should have known" of losses going back to 2011 (the "knowledge finding"). *United States v. Bengis*, 783 F.3d 407, 413 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain why we cannot determine on the present record whether the district court made the requisite finding and, therefore, remand the case pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for further proceedings consistent with this order. *See United States v. Bengis*, 783 F.3d at 414 (ordering *Jacobson* remand to clarify restitution issue).

2

We review a challenged order of restitution "only for abuse of discretion," which we will find if the challenged order "rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Goodrich*, 12 F.4th 219, 227 (2d Cir. 2021).

The restitution here was ordered pursuant to the Mandatory Victims Restitution Act, which requires a sentencing court to order a defendant to make restitution to victims of his offense, *see* 18 U.S.C. § 3663A(a)(1), but only for losses "directly and proximately caused by the defendant's conduct," *United States v. Gushlak*, 728 F.3d 184, 194–95 (2d Cir. 2013). How does this apply to losses caused by a conspiracy with multiple members joining at various times? While "[i]n general, one who joins an existing conspiracy takes it as it is, and is therefore held accountable for the prior conduct of co-conspirators," a person who joins a conspiracy after the scheme has operated for some time should be ordered to pay restitution for earlier losses "only if" he "*knew or reasonably should have known*" the extent of those earlier losses. *United States v. Bengis*, 783 F.3d at 413–14 (internal quotation marks omitted; emphasis in original).

Where, as here, Uvino argued in the district court that he should not have to make restitution for losses incurred prior to his joining the predicate extortion conspiracy, it was the government's burden to prove that Uvino knew or should have known of those losses by a "preponderance of the evidence." 18 U.S.C. § 3664(e). The procedures used to make that finding "lie within the discretion of the sentencing court" and are reviewed on appeal only for "abuse of discretion." *United States v. Gushlak*, 728 F.3d at 193 (citation

3

omitted). Due process nevertheless requires that a defendant be "given an adequate opportunity to present his position" with respect to the proper amount of restitution. *Id.* at 194 (citation omitted).

At sentencing, the government appears to have overlooked its burden of proof, arguing simply that Uvino was "responsible for the total amount of the victim's losses," even those sustained before he joined the extortion conspiracy. App'x at 332. On appeal, the government does not dispute that the challenged restitution order required a knowledge finding as to losses incurred before Uvino joined the conspiracy. Nor does it dispute that the district court did not expressly make such a finding at Uvino's sentencing. Rather, it submits that the $280,890 restitution order should be upheld because such a finding can be inferred from supporting record evidence.

Specifically, the government points to a recorded May 13, 2021 conversation in which Uvino recounts to co-conspirator Vincent Ricciardo a conversation in which the union official professed to have made earlier extortion payments through Vincent's cousin Domenick, and Vincent confirms the payments were made from the time he was released from prison, in 2008.[1] The argument is not without some force. But we cannot identify

---

[1] The relevant excerpt from the recording states as follows:

> V. RICCIARDO: Oh I know it did not stop. Why would you stop something when you got it coming out?
>
> UVINO: I mean [John Doe #1] said, no, I have always sent the money. And we said who? He said I was giving it to you, Cuzzin [*i.e.*, Domenick Ricciardo].
>
> V. RICCIARDO: Yeah, when I first came home.

4

support for an inferred knowledge finding from a conversation that appears not to have been made part of the record at Uvino's sentencing, or even to have been referenced by the government in its lengthy sentencing memorandum for Uvino or by the district court in ordering restitution. Indeed, the government appears to have offered the May 13, 2021 recording only in connection with a restitution proceeding pertaining to Ricciardo which occurred about a month before Uvino's sentencing. The government there quoted the recording to urge that Ricciardo be ordered to make restitution for extortion losses predating 2011.[2] Uvino did not participate in Ricciardo's restitution proceeding. Nor did the government copy him or his counsel on its letter submitted in that proceeding which quoted the May 13, 2021 recording, or otherwise inform them that it considered the May 13, 2021 recording relevant to demonstrating that Uvino knew or reasonably should have known of losses predating his entry into the extortion conspiracy in late 2019. On this record, we will not assume that the district court relied on this recording in Uvino's case to make an unstated finding of knowledge going back to 2011, approximately eight years before Uvino joined the extortion conspiracy. Rather, we remand for the district court to clarify what, if any, findings it made as to what Uvino knew or should have known.

---

UVINO: So, I'm sure he continued to send whatever he was sending so. I don't know what the number is but . . .

V. RICCIARDO: Why would you stop it?

UVINO: You wouldn't.

App'x 113.

[2] Rejecting the argument, the district court characterized pre-2011 losses as speculative and ordered restitution only from 2011, when bank records corroborated the victims' regular extortion payments.

In urging against such remand, the government cited at argument *United States v. Sabhnani*, 599 F.3d 215, 258 (2d Cir. 2010), and *United States v. Maurer*, 226 F.3d 150, 152 (2d Cir. 2000), to argue that a district court can consider related evidence not expressly made part of a sentencing record in ordering restitution. We do not here suggest otherwise. But in those cases, the evidence at issue had been received at the defendants' own trials, eliminating the notice and opportunity-to-be-heard concerns that here further warrant remand for clarification. *See United States v. Gushlak*, 728 F.3d at 193.

Nor is a different conclusion required by the government's argument that, even without the May 13, 2021 recording, other evidence shows that Uvino knew or should have known of all 2011–2021 losses, *i.e.*, his decades-long tenure and captain rank in the Columbo crime family, his supervisory role (after 2019) in the broader extortion conspiracy, and his personal closeness not only with co-conspirators but also with the union official who was a victim of the conspiracy. We do not foreclose such factors being relevant to a knowledge finding. But because culpability cannot be based on "mere membership in an organization," *see United States v. Farhane*, 634 F.3d 127, 138 (2d Cir. 2011), where, as here, the district court did not state that it made a knowledge finding, much less state its reasons for such a finding, we cannot conduct even deferential abuse-of-discretion review without some clarification. *See United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*) (explaining that even "limited [appellate] review" of district court's "discretionary decision" requires "sufficient explanation of how the court below reached the result it did").

6

Accordingly, we remand this case to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d at 22, for it to clarify whether, in imposing the challenged restitution order, it found by a preponderance of the evidence that Uvino knew or reasonably should have known (1) that the victim sustained extortion losses even before he joined the conspiracy in 2019; and, if so, (2) that those losses totaled $280,890 between 2011 and 2021. If the court so found, it should provide a summary of its reasoning sufficient for this court's deferential review. *See United States v. Cavera*, 550 F.3d at 193. If, however, the district court did not make findings consistent with *United States v. Bengis*, 783 F.3d at 413, in imposing the challenged restitution order, it should vacate that order and reconsider restitution consistent with *Bengis* and this order.

In the interest of judicial economy, this panel will retain jurisdiction over any subsequent appeal from the district court in this case, which either party may seek by notifying the Clerk of Court within fourteen days of the district court's ruling on remand.

For the reasons stated, this matter is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

7