**UNITED STATES of America,**
**Appellee,**

v.

**Rafil DHAFIR, Defendant–Appellant.**

Nos. 05–5965–cr, 06–0949–cr.

United States Court of Appeals,
Second Circuit.

Aug. 18, 2009.

See also, 577 F.3d 411.

Peter Goldberger (Pamela A. Wilk, on the brief), Ardmore, PA; L. Barrett Boss, Nicole Angarella, Cozen O'Connor, P.C., Washington, DC, for Defendant–Appellant.

Michael C. Olmsted, Assistant United States Attorney (Brenda K. Sannes, Stephen C. Green, Assistant United States Attorneys, on the brief), for Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.[*]

**SUMMARY ORDER**

We assume familiarity with the underlying facts and procedural history of this case. On February 10, 2005, a jury convicted Defendant–Appellant Rafil Dhafir of numerous charges relating to his operation of a fraudulent charity, Help the Needy ("HTN"), and improper Medicare billings. The United States District Court for the Northern District of New York (Mordue, *J.*) principally sentenced Dhafir to 264 months' imprisonment and ordered restitution in the amount of $865,272.76. Dhafir makes a number of contentions on appeal, most of which lack merit. We address his challenge to the district court's application of the Sentencing Guidelines in a separate opinion.

Dhafir first claims that the district court violated his Confrontation Clause rights by limiting his counsel's cross-examination of witnesses about the government's supposed bias in prosecuting him. Dhafir sought to argue at trial that the government was frustrated by its failure to connect him to terrorist activities and its expenditure of resources on his case. We review the district court's limitations on cross-examination for abuse of discretion. *See United States v. Crowley*, 318 F.3d 401, 417 (2d Cir.2003). We have also held that "the right to confront and cross examine witnesses is tempered by a trial judge's 'wide latitude' to impose 'reasonable limits' in order to avoid matters that are confusing or of marginal relevance." *United States v. Stewart*, 433 F.3d 273, 311 (2d Cir.2006) (quoting *Howard v. Walker*, 406 F.3d 114, 128–29 (2d Cir.2005)). We find that the court did not abuse its discretion in limiting Dhafir's crossexamination. Dhafir's unsupported theories about the government's bias were of only marginal relevance to the charges against him, and the district court's restrictions on those questions were well within its latitude in conducting a trial.

We also conclude that the government presented sufficient evidence to convict Dhafir on the mail and wire fraud charges. We review claims regarding the sufficiency of the evidence *de novo*, but will not vacate a conviction on that basis "if, drawing all inferences in favor of the prosecution and viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Santos*, 449 F.3d 93, 102 (2d Cir.2006) (internal quotation marks omitted). Mail

[*] The Honorable Sonia Sotomayor, originally a member of this panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined this matter. *See* 28 U.S.C. § 46(d); Local Rule 0.14(2); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

and wire fraud both require a scheme to defraud with money or property as its object and use of the mails or wires to further the scheme. *United States v. Shellef,* 507 F.3d 82, 107 (2d Cir.2007); *United States v. Ramirez,* 420 F.3d 134, 144 (2d Cir.2005). The government put forth ample evidence, largely through the testimony of government agents, that donations to HTN were misused, such that a reasonable jury could conclude that the elements of the charges had been demonstrated. The government also produced sufficient evidence of Dhafir's misrepresentations to donors through his own statements and through HTN literature.

■ Dhafir next contends that the government's questioning of a particular witness, Waleed Smari, as well as its religious references during closing arguments, rendered his trial unfair. The defense did not object at trial on either of these grounds, so we review this claim only for plain error. *See, e.g., Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); Fed.R.Crim.P. 52(b). Dhafir provides no persuasive authority to support his argument that the government's questioning of Smari violated Federal Rules of Evidence 701 and 403, or that its closing remarks violated his First Amendment right to freedom of religion. Further, the record shows that at trial, Dhafir's counsel himself attempted to develop a theory that Dhafir sought religious advice as to the proper uses of donor contributions to HTN and explored this topic during his examination of Smari. We see no error, much less plain error, in the fact that the court allowed the government to ask questions or make arguments touching on religious themes that Dhafir himself introduced.

■ Dhafir's arguments regarding joinder of claims also lack merit. He contends that the district court erroneously joined the Medicare fraud counts with the HTN-related counts. We again apply plain error review, as Dhafir raised no objection to the joinder below. Under this standard and given the strength of the government's case on the HTN-related charges, we determine that, even if the joinder were improper, Dhafir has not shown "prejudice so severe that his conviction constituted a miscarriage of justice." *United States v. Joyner,* 201 F.3d 61, 75 (2d Cir.2000) (internal quotation marks omitted). We have already found that the government set forth ample evidence on the mail and wire fraud charges; the government's proof on the other HTN-related counts was overwhelming as well. Therefore, Dhafir is not entitled to relief on this ground.

■ Neither are we persuaded that Dhafir's convictions on Counts One (conspiracy to violate the International Emergency Economic Powers Act) and Fifteen (conspiracy to defraud the United States by impeding the IRS) were multiplicitous because both counts alleged conspiracies in violation of 18 U.S.C. § 371. Dhafir concedes that this issue too may be reviewed only for plain error. We find that this claim has no merit. Counts One and Fifteen clearly charged two separate conspiracies with different underlying objects and non-overlapping elements and overt acts. The two conspiracies also involved different participants. We have held that where "separate counts of a single indictment allege that the defendant participated in more than one conspiracy in violation of the same statutory provision ... and that the defendant, in each alleged conspiracy, had different groups of coconspirators, the question of whether one, or more than one, conspiracy has been proven is a question of fact for a properly instructed jury." *United States v. Jones,* 482 F.3d 60, 72 (2d Cir.2006). In this case, the jury found that both conspiracies had been proven

beyond a reasonable doubt. Dhafir made no argument then or on appeal that the jury was improperly instructed. The district court did not commit plain error in allowing trial to proceed on the indictment as it stood. Further, the district court was permitted to impose overlapping, partially consecutive sentences. *See United States v. Reifler,* 446 F.3d 65, 113 (2d Cir.2006); *United States v. McLeod,* 251 F.3d 78, 83–84 (2d Cir.2001).

█ Finally, we do not agree with Dhafir that the district court illegally directed him to pay restitution to the New York State Medicaid Restitution Fund and the State of New York Law Department, Restitution Account. Dhafir argues that the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, only authorizes restitution to direct victims of an offense, and that the payments to the Medicaid Fund and New York Law Department do not conform with that requirement. Again, Dhafir appears to concede that he did not object to the restitution below, and we agree we should review this claim for plain error rather than deem it waived.

The MVRA defines a "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). After Dhafir's trial concluded, the government presented evidence that his fraudulent health care billing scheme caused losses to Medicaid as well as Medicare. Medicaid was therefore a victim of the same criminal scheme and course of conduct that constituted the of-

fense of which Dhafir was convicted. Further, "[a] sentencing court is authorized to provide restitution to 'any' victim of the *offense,* even those not named in the criminal indictment." *United States v. Grundhoefer,* 916 F.2d 788, 793–94 (2d Cir. 1990). It was not plain error for the district court to consider Medicaid a victim of the same offense conduct that caused losses to Medicare, and to therefore order restitution to Medicaid.

█ We also decline to overturn the district court's order of restitution to the New York Law Department Restitution Account, as successor in interest to HTN. No other portion of the restitution order compels compensation by Dhafir to the donor-victims. Therefore, this portion of the order, even if improper, does not rise to the level of plain error because it does not prejudicially affect any of Dhafir's substantial rights.

For the foregoing reasons, the judgment of conviction and order of restitution are AFFIRMED.