10-620-cr
United States v. Windle

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand eleven.

PRESENT:  CHESTER J. STRAUB,
                   ROBERT D. SACK,
                   GERARD E. LYNCH,
                                    *Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                    *Appellee*,

                     v.                                             No. 10-620-cr

ANN M. GRICE, SEALED EQUIPMENT 1,
                                    *Defendants,*

JOHN W. WINDLE, also known as Michael Timothy, also known as John Ali, also known as John Edmunds, also known as Yahya, also known as Lamar Windle, also known as John Alexander Brennan, also known as John Harris, also known as Augustus Butera, also known as John A. Brennan, also known as John Windle Whiting,
                                    *Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:          James P. Trainor, Cutler, Trainor, & Cutler LLP, Malta, New York.

FOR APPELLEE:            Brenda K. Sannes and Tina E. Sciocchetti, Assistant United

States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED in part and AFFIRMED in part. The case is REMANDED for further proceedings consistent with this order.

Defendant-appellant John W. Windle pled guilty to identification document fraud, wire fraud, and two counts of aggravated identity theft in connection with a scheme to steal credit cards from elderly female victims. The district court sentenced Windle to a total of seventy months in prison, followed by three years of supervised release. The court also ordered him to make restitution to Citigroup Investigative Services ("CIS") in the amount of $4,407.43 and to "unknown" payees in the amount of $64,234.73. The judgment provided that the latter amount would be available for any victims identified after sentencing, with the unclaimed balance going to the Department of Justice's Crime Victims Fund. Windle appealed, arguing the Mandatory Victim's Restitution Act ("MVRA") prohibits both the lump sum award to "unknown" payees and the component of the CIS award that relates to conduct to which he did not plead guilty.

Because Windle did not raise either of these objections at sentencing, we review for plain error. United States v. Deandrade, 600 F.3d 115, 119 (2d Cir. 2010). We have previously noted, however, that "an improper order of restitution constitutes an illegal

2

sentence, and, therefore, plain error." United States v. Kinlock, 174 F.3d 297, 299 (2d Cir. 1999).

The district court's restitution order is governed by the MVRA, which makes restitution mandatory in cases where a defendant is convicted or pleads guilty to a violation of Title 18 involving fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). We have previously held, however, that, under that statute, "restitution can only be imposed to the extent that the victims of a crime are actually identified." United States v. Catoggio, 326 F.3d 323, 328 (2d Cir. 2003); see 18 U.S.C. § 3663A(c)(1)(B) (specifying that the MVRA applies only when "an identifiable victim or victims has suffered a physical injury or pecuniary loss"). Thus, as the government now concedes, "[a] lump sum restitution order without any identification of victims and their actual losses," like the one entered against Windle, "is not permissible." United States v. Zakhary, 357 F.3d 186, 190 (2d Cir. 2004). The government contends, however, and Windle does not dispute, that the identities of some of the victims whose losses were encompassed in the $64,234.73 award are in fact known. We therefore vacate the portion of the restitution order designated for "unknown" payees and remand the case so that the district court may enter a new order that properly identifies the known victims of Windle's fraudulent scheme and their respective losses.

Windle's second argument is that both components of the district court's restitution order – the amount set aside for "unknown" payees and the amount due to CIS – erroneously included the losses of some victims who, while identifiable, were not named in a count of conviction. This argument overlooks the fact that the MVRA broadly defines the class of

3

"victims" for whom restitution is required as including, "in the case of an offense that involves as an element a scheme . . . , any person directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(a)(2). In a related context, we have stated that this broad definition permits the sentencing court "to provide restitution to any victim of the offense, even those not named in the criminal indictment." United States v. Grundhoefer, 916 F.2d 788, 793-94 (2d Cir. 1990) (emphasis removed; internal quotation marks omitted).[1] While Windle is correct that, in this Circuit, "the district court's statutory authority to award restitution under the MVRA is limited to awards to victims of the offense of conviction," In re Local #46 Metallic Lathers Union & Reinforcing Iron Worker, 568 F.3d 81, 85 (2d Cir. 2009), cert. denied, 130 S. Ct. 1521 (2010); see United States v. Oladimeji, 463 F.3d 152, 158-59 (2d Cir. 2006); United States v. Reifler, 446 F.3d 65, 121 (2d Cir. 2006), in this case, Windle pled guilty to wire fraud, an offense that includes participation in a scheme to defraud as one of its elements. 18 U.S.C. § 1343; see United States v. Autuori, 212 F.3d 105, 115 (2d Cir. 2000). Windle does not argue that any of the victims specifically identified in the restitution order were not "directly harmed" by his role in facilitating the credit card scheme. His contention that restitution must be limited to victims specifically named in a count of conviction is clearly foreclosed by the language of the MVRA and the precedents of this Court. We therefore affirm the order of restitution to CIS

---

[1] Although Grundhoefer concerned the Victim Witness Protection Act (VWPA), 18 U.S.C. § 3663, that statute's definition of "victim" is identical to the MVRA's definition of that term. Indeed, we have previously relied on Grundhoefer in emphasizing the broad scope of the MVRA's restitution requirements. See United States v. Dhafir, 342 F. App'x 702, 706 (2d Cir. 2009) (summary order).

4

in full.

For the foregoing reasons, the judgment of conviction is VACATED in part and AFFIRMED in part, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court