12-2187-cr
United States v. Simmons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 13th day of November, two thousand thirteen.

Present:     ROBERT A. KATZMANN,
                          *Chief Judge*,
                   PIERRE N. LEVAL,
                   ROSEMARY S. POOLER,
                          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                        - v -                                    No. 12-2187-cr

JOHN SIMMONS, a/k/a AVROM SIMMONS,

                        *Defendant-Appellant.*

_____

For Appellee:                        Janis M. Echenberg (Brent S. Wible, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

For Defendant-Appellant:     Sally Wasserman, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **VACATED** and the case is **REMANDED** for further proceedings.

Defendant-Appellant John Simmons appeals from a May 15, 2012 order of restitution imposed by the United States District Court for the Southern District of New York (Buchwald, *J.*) following a plea of guilty to one count of conspiracy to commit bank and wire fraud and one count of conspiracy to commit wire fraud. The district court sentenced Simmons to forty-one months of incarceration, forfeiture in the amount of $1,319,246.84, and $1,328,884.10 in restitution to Siren Management Company ("Siren") and the Community Preservation Corporation ("CPC"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Simmons first contends that the district court improperly found that Siren is a victim within the meaning of the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(2). He argues that Siren is not a "victim" under the MVRA because the fraud described in the indictment was perpetrated upon financial institutions rather than Siren– the building management company. But Simmons pleaded guilty to conspiring to commit bank and wire fraud as part of a scheme to fraudulently obtain loans for real estate and keep the funds while defaulting on the mortgages. Because Siren managed that real estate, it incurred costs associated with maintaining the real estate when it went into default. Siren was therefore "directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(a)(2). It is irrelevant that the charges in the information are focused on fraudulent

misrepresentations to financial institutions because "[a] sentencing court is authorized to provide restitution to any victim of the offense, even those not named in the criminal indictment." *United States v. Grundhoefer*, 916 F.2d 788, 793-94 (2d Cir. 1990) (internal quotation marks and emphasis omitted).[1]

Simmons next contends that the district court erred in finding that CPC was a victim of his offense of conviction. In his sentencing proceeding, he insisted that the fact that CPC had approved his loan without confirming the veracity of his statements (which were fraudulent) suggested that CPC was a co-conspirator and sought an evidentiary hearing on the matter. On appeal, he argues that the district court erred in awarding CPC restitution without holding evidentiary hearing.

Although Simmons is correct that restitution under the MVRA cannot be awarded to co-conspirators, *see United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006), the district court did not err in refusing to hold an evidentiary hearing on the matter. As a general matter, "[t]he procedures used at sentencing are within the discretion of the district court so long as the defendant is given an adequate opportunity to present his position as to matters in dispute." *United States v. Maurer*, 226 F.3d 150, 151 (2d Cir. 2000) (per curiam). Simmons had ample opportunity to present his position in his sentencing submissions and in oral argument, but his argument failed because he lacked any basis for his claim that CPC may have been a co-conspirator. Nor did he explain what evidence he hoped to elicit at the hearing he requested.

---

[1] "Although *Grundhoefer* concerned the Victim Witness Protection Act (VWPA), 18 U.S.C.§ 3663, that statute's definition of 'victim' is identical to the MVRA's definition of that term. Indeed, we have previously relied on *Grundhoefer* in emphasizing the broad scope of the MVRA's restitution requirements." *United States v. Grice*, 419 F. App'x 50, 52 n.1 (2d Cir. 2011) (summary order).

Moreover, a preponderance of the evidence supported the district court's finding that CPC was indeed a victim of—and not a co-conspirator in—the mortgage fraud scheme at issue in Count II. For these reasons, the district court did not abuse its discretion in awarding restitution to CPC.

Finally, Simmons contests the district court's finding that Siren incurred a loss of $262,418 in unpaid common charges and assessments as a result of the mortgage fraud scheme underlying Count I. He contends that it was an abuse of discretion for the district court to award restitution to Siren based solely on unsworn letter and to deny his request for an accounting or documentation of the lump-sum loss amount Siren claimed.

The government first argues that Simmons never raised this issue at the sentencing hearing and that, because he did not specifically raise it at the hearing, the district court had no cause to question Siren's loss amount. But that argument is plainly wrong because Simmons did raise the issue at the sentencing hearing. In addition, he raised the issue in his written submissions which he repeatedly referenced during the sentencing hearing. In at least three of those submissions, he clearly objected to the fact that he had been provided no documentation or details about Siren's loss amount. Indeed, the government concedes in its brief on appeal that the issue was raised before the district court. For these reasons, we disagree that Simmons did not sufficiently present the issue to the district court. *See id.* at 663 (remanding case for resentencing even where "some ambiguity remain[ed] as to the full extent of [the defendant's] objections").

Second, the government argues that this proceeding fits within the broad discretion we afford to district courts in determining the loss amount in a sentencing proceeding and insists that no more detail or documentation was required. The government is correct that district courts

4

have significant latitude in fashioning procedures to resolve sentencing disputes. *United States v. Sabhnani*, 599 F.3d 215, 258 (2d Cir. 2010). However, that discretion is not limitless: the Due Process Clause requires that the defendant have "an adequate opportunity to present his position." *Id.* at 258.

The difficulty here is that the government provided so little to document or clarify Siren's losses that it deprived Simmons of the opportunity to present his position in any meaningful way. The government presented nothing more than an unsworn letter from Siren setting forth a lump-sum amount lost in "common charges and assessments." Simmons had no way to know, for example, what comprised the "common charges and assessments" or the time period this figure covered for each apartment. As the government has provided almost no information about the loss amount, no documentation regarding Siren's asserted loss, and no explanation as to why procuring details or documentation was impracticable, we agree with Simmons that the district court abused its discretion. *See, e.g., United States v. Zakhary*, 357 F.3d 186, 190-91 (2d Cir. 2004); *United States v. Catoggio*, 326 F.3d 323, 327-28 (2d Cir. 2003).

## V.     Conclusion

We have considered the remaining arguments made by Simmons and the government and we find them to be without merit. The matter is remanded to the district court in accordance with the procedures of *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), for determination of the amount of the loss that Siren incurred, for which restitution must be awarded under the MVRA. If the government properly substantiates the amount of Siren's loss as previously determined, the judgment previously entered may stand. If the government fails to

5

substantiate the amount of Siren's restitution order, the district court should vacate the judgment and ever a new sentence reflecting the appropriate amount of restitution.[2]  REMANDED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] In the interest of judicial economy, this panel will retain jurisdiction over any subsequent appeal; either party may notify the Clerk of a renewed appeal within fourteen days of the district court's decision.  *See Jacobson*, 15 F.3d at 22.