12-2187-cr
United States v. Simmons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 27th day of April, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                       *Chief Judge*,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                       *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                       *Appellee*,

                       - v -                              No. 12-2187-cr

JOHN SIMMONS, a/k/a AVROM SIMMONS,

                       *Defendant-Appellant.*

_____

For Appellee:                    JENNIFER L. BEIDEL (Brian A. Jacobs, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

For Defendant-Appellant:    COLLIN F. HESSNEY (Michael J. Gilbert, *on the brief*), Dechert LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

This appeal returns to us following a remand pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994). We remanded the case to the district court for further documentation of the proper amount of restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. *See United States v. Simmons*, 544 F. App'x 21, 24 (2d Cir. 2013). Defendant-Appellant John Simmons now reinstates his appeal, challenging the district court's November 14, 2014 amended final judgment awarding restitution in the amount of $262,418 to The 203 Condominium. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

At the outset, Simmons contends that the district court lacked the authority to order restitution to The 203 Condominium on remand. When the district court initially sentenced Simmons, it ordered that the restitution be paid to Siren Management Corporation ("Siren"), the managing agent of The 203 Condominium. Our previous order, which concluded that further documentation of the loss caused by Simmons' fraud was necessary, thus remanded to the district court "for determination of the amount of the loss that *Siren* incurred." *Simmons*, 544 F. App'x at 24 (emphasis added). On remand, however, the district court determined "that the loss of $262,418 was suffered by The 203 Condominium, the homeowner's association, rather than Siren, its managing agent," *United States v. Simmons*, No. 09-CR-757-NRB, 2014 WL 6076410, at *2 (S.D.N.Y. Nov. 14, 2014), and therefore ordered restitution to The 203 Condominium instead of Siren.

2

Simmons contends that our remand was limited to substantiating the restitution owed to Siren, and that the district court exceeded the mandate when it changed the recipient of the restitution. We have previously held, however, that "the mandate rule does not forbid a district court to resentence beyond the scope of a limited remand for a cogent, compelling reason." *United States v. Johnson*, 378 F.3d 230, 244 (2d Cir. 2004). Ensuring that restitution is paid to the proper recipient presents just such a "cogent, compelling reason," and so we see no error in the district court's decision to order restitution to The 203 Condominium rather than Siren.

Turning to the merits of Simmons's renewed appeal, Simmons first argues that the district court should have ordered restitution to the other tenants of The 203 Condominium, rather than to The 203 Condominium itself. Simmons reasons that the other tenants are the actual victims, because they were forced to pay higher common charges to cover the share of common charges that should have been paid by the eight apartments involved in Simmons's fraud.

Simmons's argument is unpersuasive. For purposes of the MVRA, restitution is only owed to a "victim," which the statute defines as "a person directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2). The district court expressly concluded that Simmons's fraud "directly deprived The 203 Condominium of funds to which it was entitled," and that the fraud only "indirectly harmed" the other tenants of the condominium. *Simmons*, 2014 WL 6076410, at *2 n.2. Because the unpaid common charges for the eight apartments involved in the fraud were owed to The 203 Condominium in the first instance, the district court did not commit clear error by ordering restitution to The 203 Condominium rather than to the individual tenants. *See United States v. Qurashi*, 634 F.3d 699, 701 (2d Cir. 2011).

For similar reasons, we reject Simmons's contentions that (1) the government's loss documentation should have detailed the higher common charges paid by the individual tenants

3

and (2) the district court improperly delegated to The 203 Condominium its responsibility to order restitution to the individual tenants. In both instances, Simmons's argument turns on the premise that the individual tenants, rather than The 203 Condominium, were the proper victims of his fraud under the MVRA; we reject this premise for the reasons set forth above.[1]

Finally, Simmons contends that The 203 Condominium failed to mitigate its damages, both by failing to detect his fraud in the first instance and by not seeking to file liens against and foreclose on the eight apartments at issue. While our Court has yet to speak to the issue of whether a crime victim must mitigate losses to qualify for restitution, we need not reach the issue here. Even assuming arguendo that mitigation is necessary, actions undertaken by The 203 Condominium more than sufficed. The 203 Condominium obtained a judgment against one of the straw purchasers involved in Simmons's fraud, but was unable to recover any of the unpaid common charges from the "essentially judgment-proof" straw purchaser. *See* J.A. at 241. Moreover, as the government's submissions on remand explained, any lien against the apartments for the unpaid charges would be junior to the liens held by the mortgage lender. *See id.* at 241. Based on these facts, the district court found that The 203 Condominium adequately sought to mitigate its losses. Our review of this conclusion is "extremely deferential," *United*

---

[1] We also reject Simmons's argument that the district court should have ordered restitution to the individual tenants under 18 U.S.C. § 3664(j)(1), which provides that "[i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation." Even assuming that the higher common charges paid by the individual tenants could be characterized as "compensation . . . with respect to a loss," any failure to follow this provision of the statute was harmless. Because any dollar paid in higher common charges by the individual tenants is a dollar restored to The 203 Condominium, the total restitution owed by Simmons would be the same in any event. *See United States v. Stevens*, 211 F.3d 1, 5 (2d Cir. 2000). In any event, Siren represented that "it will either distribute any restitution payments back to The 203 Condominium's members or use such payments to abate future increases in charges to those members." *Simmons*, 2014 WL 6076410, at *2 n.2.

4

*States v. Grant*, 235 F.3d 95, 99 (2d Cir. 2000), and after reviewing the facts of this case, we are not "left with the definite and firm conviction that a mistake has been committed," *U.S. v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (internal quotation marks omitted). Accordingly, we decline to upset the district court's finding that The 203 Condominium did not fail to mitigate its losses.

We have considered the parties' remaining contentions and we find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5