15-4130-cr
United States v. Pinto

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

                              *Appellee*,

          v.                                          No. 15-4130-cr

PETER PINTO,

                    *Defendant-Appellant*,

RICHARD PINTO,

                    *Defendant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      PAUL CAMARENA, North & Sedgwick Law, Chicago, Illinois.

APPEARING FOR APPELLEE:       JOHN T. PIERPONT, JR., Assistant United States Attorney (Liam Brennan, Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on January 25, 2016, is AFFIRMED.

Defendant Peter Pinto was convicted, following a guilty plea, of substantive wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to commit wire fraud, bank fraud, and money laundering in violation of 18 U.S.C. § 371. He here appeals a $10,401,227 order of restitution. Specifically, Pinto contends that the procedures employed to calculate losses for one category of victims—client-victims—deprived him of due process because the government was not ordered to produce the QuickBooks records upon which it partially based its restitution calculations. "Decisions as to what types of procedure are needed [during sentencing] lie within the discretion of the sentencing court and are reviewed for abuse of discretion." *United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir. 1996). Where the procedural challenge on appeal was not properly pressed or passed upon below, we review only for plain error. *See United States v. Coriaty*, 300 F.3d 244, 252 (2d Cir. 2002). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

Pinto's argument that he did not forfeit his QuickBooks argument in the district court is not persuasive, but we need not pursue the matter further because we identify no error, much less plain error, in the procedures used by the district court to calculate restitution.

2

"[I]n the context of contested issues regarding the propriety of a restitution award, [] the sentencing procedures employed to resolve such disputes are within the district court's discretion so long as the defendant is given an adequate opportunity to present his position [as to matters in dispute]." *United States v. Gushlak*, 728 F.3d 184, 194 (2d Cir. 2013) (internal quotation marks omitted). Although the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, "does not authorize the court to order restitution to victims in excess of their losses," *United States v. Pescatore*, 637 F.3d 128, 139 (2d Cir. 2011), a district court is only required to ascertain by a preponderance of the evidence "a reasonable approximation of losses supported by a sound methodology" before imposing restitution, *United States v. Gushlak*, 728 F.3d at 196. *See Paroline v. United States*, 134 S. Ct. 1710, 1727–28 (2014) (stating that assessment of victim's losses "cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment").

In the course of the restitution proceedings, the government supported its loss calculations as to client-victims with a memorandum of interview with a co-conspirator, a spreadsheet detailing client funds based on the QuickBooks records, and a victim impact statement from one of the client-victims, along with a statement from its legal counsel. The government had explained that, because of the nature of the fraud, whereby Pinto collected bad debts for the clients but failed to remit collections to them, the victims generally had no way of knowing the amounts actually collected, or the extent of their losses. In these circumstances, the district court concluded that the information obtained from the co-conspirator was the "best evidence" of loss available. D.A. 18.

3

Pinto was afforded several opportunities to challenge the government's calculation of the client-victims' losses and to present his position. This provided him the opportunity to be heard that is required by due process, regardless of whether he possessed all supporting materials in the government's possession in the precise format he desired. *See United States v. Maurer*, 226 F.3d 150, 152 (2d Cir. 2000) (identifying no abuse of discretion in procedures employed to impose restitution where district court "convened a special conference for the purpose of determining the correct amount of loss," "allowed extensive argument from both parties," and "delayed its restitution decision for 90 days in order to give [defendant] an opportunity to present his arguments"). Indeed, this conclusion is confirmed by Pinto's successful challenge to government loss calculations with regard to client-victim DirecTV. Pinto provides no compelling explanation as to why the same record was insufficient to challenge any other client-victim losses. *See United States v. Marinello*, 839 F.3d 209, 226 (2d Cir. 2016) (holding that district court's failure to obtain additional information did not violate due process when it considered defendant's objection, and defendant had, though did not take, opportunity to respond to government's arguments against his objection). In any event, Pinto was free to—and did—argue that the evidence adduced was insufficient to support a preponderance finding of loss. The district court rejected that argument, and Pinto does not renew his sufficiency challenge on appeal.

*United States v. Simmons*, 544 F. App'x 21 (2d Cir. 2013), upon which Pinto relies, is not analogous, as the government there "provided almost no information about the loss amount, no documentation regarding [the victim's] asserted loss, and no

explanation as to why procuring details or documentation was impracticable," *id.* at 24. Here, Pinto was provided far more "than an unsworn letter from [the victim] setting forth a lump-sum amount lost." *Id.* Because the memorandum of interview with a co-conspirator who had direct knowledge of the scheme, the spreadsheet detailing client funds, and the impact statement from one client-victim and from its legal counsel were sufficient to allow Pinto to challenge the government's calculations, we here identify no due process denial in the district court's failure to order production of the QuickBooks records.

We have considered Pinto's remaining arguments and conclude that they are without merit. For the reasons stated, the district court's January 25, 2016 order is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5